## HALL vs. ARNOLD.

A creditor who takes a mortgage of personal property from his debtor to secure his debt, in good faith, and without any notice of an improper design on the part of the mortgagor in executing the same, will be protected, although the object and design of the mortgagor, in executing the same, was to delay, hinder or defraud his other creditors.

ACTION to recover the value of a pair of oxen wrongfully taken by the defendant. One Ira L. Plant was indebted to the plaintiff, and on the 9th December, 1850, executed to him a mortgage of the oxen in question. The mortgage was properly filed December 10, and the same day, after the mortgage was filed, the defendant, a constable, levied upon and took the oxen by virtue of an execution against Plant, and in favor of one Hubbard. The oxen, at the time of the levy, were in the possession of Plant. The judgment, upon which the execution was issued, was rendered on the first day of February, 1849. The defendant gave evidence tending to show that the design and intent of Plant in executing the mortgage to the plaintiff, was to prevent the oxen being taken upon the execution. The defendant requested the judge to charge the jury that if they were satisfied that the motives and intentions of Plant in giving the mortgage, were to delay, hinder or defraud creditors, or to defraud Hubbard or any other creditor of Plant, then their verdict should be for the defendant, although the plaintiff had no such intentions. The judge refused so to charge, and the defendant excepted. The judge charged the jury that if the plaintiff had no such intention or notice of such design of Plant, or was not chargeable with such notice or design, by having left the property in possession of the mortgagor, the existence of such a design on the part of Plant would not prevent the plaintiff recovering. The defendant excepted. The jury found for the plaintiff.

*E. Cook*, for the plaintiff.

*A. Sawin*, for the defendant.

Hall *v.* Arnold.

*By the Court,* MARVIN J. It is well settled that a *bona fide* purchaser for a valuable consideration is to be protected, though the vendor made the sale for the purpose of delaying, hindering or defrauding his creditors. If the purchaser had no knowledge or notice of the object and intention of his vendor to defraud, he cannot be affected by such intention. So if one purchase in good faith, without notice, from a fraudulent vendor, he acquires a good title as against the creditors of the original vendor. The remarks of Chancellor Kent in *Hildreth* v. *Sands,* (2 *John. Ch.* 42,) to the effect that a deed, fraudulent on the part of the grantor, might be avoided though the grantee was a *bona fide* purchaser and ignorant of the fraud, was not sustained in the same case in the court of errors, (14 *John.* 498.)

When the possession does not accompany the sale, assignment or mortgage of the goods, the person claiming under such sale or assignment must make it appear that the sale or assignment was made in good faith, and without any intent to defraud the creditors of the vendor, or subsequent purchasers. (2 *R. S.* 136, § 5.) It is the purchaser, assignee or mortgagee, that is to make it appear that the sale was made in good faith. In the present case the mortgagee was not called upon by the defendant to account for the property being left in the possession of the mortgagor, but the defendant puts the whole case upon the proposition that if the mortgagor designed to delay, hinder or defraud his other creditors, then the mortgagee, who was also a creditor, could not hold the property. He does not even ask that the jury should pass upon the question whether the oxen were not left with the debtor upon some secret trust for the benefit of the debtor, &c. &c. but he narrows the question to the one stated, viz. the design of the debtor. A debtor in failing circumstances has the right to prefer one creditor to another; and if he takes his property and pays one of his creditors with it, designing at the time, and knowing that the effect of such payment to the particular creditor will be to prevent some other creditor or creditors from taking his property upon their executions, this will not affect the title of the creditor to whom he has delivered the property.

Handly *v.* Greene.

Indeed the only question presented in this case is whether a *bona fide* vendee or mortgagee is to be protected, when the vendor or mortgagor designed and intended by the mortgage to prevent some other creditor from taking the property. And this proposition has been too often decided to be called in question.

A new trial should be denied, with costs.

[ALLEGANY GENERAL TERM, September 6, 1853. *Marvin, Bowen* and *Mullett,* Justices.]