THOMAS. BEDELL and another, Respondents, *v.* GEORGE W. CHASE, Appellant.

A sale of property, at a fair valuation, by a failing debtor to his creditor, in payment of a subsisting and honest debt which has not yet matured, is not fraudulent in respect to his other creditors.

A debtor is not permitted to hinder or defraud his creditors; but, as between those who have no legal priority, he is at liberty to pay them in such order as he prefers, if he reserves no benefit to himself.

When the good faith of a purchase is sought to be impeached, the purchaser may be examined as to the intention with which it was made.

The refusal of a new trial on the ground of surprise is not subject to review in this court.

APPEAL from a judgment rendered in favor of the plaintiffs; a new trial having been denied in the Supreme Court in the third district.

The action was to recover possession of personal property of the plaintiffs, which the defendant, as deputy sheriff, attached and sold as the property of Hulett P. Bedell and Egbert S. Bedell. The cause was tried before Judge HOGEBOOM, at the Greene Circuit, and the jury found a verdict in favor of the plaintiffs for $2,115.09. The verdict, being informal, was afterwards amended in the court below, in conformity with the provisions of the Code applicable to this class of actions.

The plaintiffs, on the 29th of December, 1857, purchased from H. P. Bedell & Co., merchants of Coxsackie, their entire stock of goods and mercantile accounts, and paid for them in their notes, maturing at different periods from three to twelve months.

The defendant claimed that the sale was effected with intent on the part of the purchasers, as well as the vendors, to defraud the creditors of the latter.

Evidence was given on the part of the defendant, tending to show that the goods were sold at an undervaluation; that the vendors were insolvent; that they were threatened with a suit on a note overdue; that one of them made a cotemporaneous sale of real estate to a relative at an undervalua-

tion; that the inventory of the goods for the purpose of sale was made in the night; that errors occurred in the measurement of goods and the footing of figures; and that they were purchased by the plaintiffs for less than they afterwards brought when sold at auction by the defendant.

The plaintiffs proved a formal sale to them, and gave evidence tending to show that the goods were sold at a fair valuation; that the transaction was open and fair; that the owners, from whom they bought, had given public notice, by advertisement and otherwise, of their purpose to sell out; that one of them had publicly and repeatedly stated his purpose of removing from the State; that the sale was in pursuance of previous negotiations between the parties; that the property was not readily saleable; that the inventory was made in the night, to prevent any interruption of the business by day; that the purchasers took immediate possession of the store, and engaged one of the vendors and another competent person as clerks; that the parties from whom they bought were in good credit and supposed to be solvent; that the plaintiffs were abundantly responsible; that their notes were good, and were immediately turned out by the payees to their creditors, in payment of debts of the firm; and that there was no intent on their part to hinder, delay or defraud those to whom they were indebted.

The issues of fact were determined in favor of the plaintiffs by the jury.

The questions of law raised on the trial are sufficiently stated in the opinion of the court.

*William R. Leete*, for the appellant.

*Lyman Tremain*, for the respondents.

PORTER, J. The judge was right in refusing to charge the jury that there was no actual and continued change of possession, and that the sale was, therefore, presumptively fraudulent. There was nothing in the proof to warrant such an instruction. He was also right in declining to charge, that if the sale was made by Bedell & Co. in contemplation

of insolvency, for the purpose of enabling them to prefer a portion of their creditors, and that this was known to the plaintiffs, the transaction was in effect a general assignment, and void by reason of the credit given to the purchasers. There was no evidence to authorize the assumption, that the plaintiffs had any knowledge of the purpose imputed to the vendors. Such a purpose, if it existed, was not unlawful. The debtor is not permitted to hinder or defraud his creditors; but he is at liberty to pay them in such order as he prefers, where there is no claim of legal priority. No trust was created; and it is quite apparent from the proof, that no fraud upon the creditors was either meditated or committed.

There was no error in the rulings arising upon the evidence. In reply to proof tending to establish a fraudulent design on the part of the vendors, it was proper to show that the entire proceeds of the sale were immediately applied in payment of debts of the firm. It was also legitimate to permit the examination of the plaintiffs as to their intention in making the purchase. (*Griffin* v. *Marquadt*, 21 N. Y., 121; *Forbes* v. *Waller*, 25 id., 439; *McKown* v. *Hunter*, 30 id., 625.)

The court properly excluded proof of the confidential communications made by the plaintiffs to their counsel. (*Williams* v. *Fitch*, 18 N. Y., 546; *Sibley* v. *Waffle*, 16 id., 180.)

The motion for a new trial, on the ground of surprise and newly discovered evidence, was properly disposed of in the court below; but if it were otherwise, it was matter of discretion, and not subject to review in this court. (*Selden* v. *Delaware & Hudson Canal Co.*, 29 N. Y., 635.)

The verdict was informal, but the irregularity was corrected by amendment in the court below.

The judgment should be affirmed.

LEONARD, J., also read an opinion for affirmance.

All the judges concurring,

Judgment affirmed.