Phila A. Woodworth, Respondent, *v.* Sidney Sweet, Appellant.

Prior to the passage of the act of 1848, for the more effectual protection of the property of married women (chapter 200, Laws of 1848), plaintiff, a married woman, loaned to her husband a sum of money received from her father's estate, he agreeing verbally to repay it. In 1857 he became insolvent, and just before making an assignment for the benefit of creditors, paid to her a portion of the sum so borrowed. This she subsequently invested in teams, tools, etc., which were used in carrying on the lumbering business by her husband as her agent. This property was levied upon and sold upon an execution against the husband. In an action against the execution creditor for the taking and conversion, —*Held*, that there was an equitable consideration for the promise of the husband to repay the money borrowed, and an equitable right on the part of plaintiff to receive it; that she could avail herself in this action of this equitable right to overcome the strict common-law rule entitling the husband to her personal property; and that the question whether the payment of the money and the acts of plaintiff in carrying on the business and employing her husband were in good or bad faith, was a question of fact, not of law; that the presumptions were in favor of good faith, and the burden of showing the contrary was upon defendant. A nonsuit was, therefore, error.

(Argued January 12, 1872; decided May term, 1872.)

Appeal from order of the General Term of the Supreme Court in the seventh judicial district, setting aside a nonsuit and granting a new trial. (Reported below, 44 Barb., 268.)

The action was brought to recover the value of certain cattle, trucks and a sled, alleged to have been wrongfully taken and converted by the defendant.

The defendant, by his answer, alleged that he bought the

property at a sale by the sheriff of Livingston county, under two executions duly issued on two judgments recovered against Philemon F. Woodward, to whom the property belonged, and that the claim of the plaintiff was fraudulent and void.

Plaintiff was the wife of the defendant in the executions, to whom she was married in 1846. She received about $1,100 from her father's estate in 1847. She let her husband have $1,000 of the money so received under a verbal agreement that he would repay it with interest. He paid her $600 on account in 1857, just before making a general assignment for the benefit of his creditors, he having then become insolvent. She kept this money in her own possession until 1860, when she purchased with it teams, trucks and standing timber, and engaged in the lumber business and farming, employing her husband in carrying it on. He resided with plaintiff, and the family were maintained by the profits of this business, which was managed by him as her agent. The property so purchased was seized by the sheriff on executions duly issued upon judgments against the said Philemon, and sold on premises occupied by him, by the direction of the defendant, Sidney Sweet, the execution creditor.

The case for the plaintiff having been rested, the counsel for the defendant moved for a nonsuit on the ground that the money belonged to the husband when it came to his hands, and that the agreement to repay it was void. That the property seized was subject to his debts, and that the money was paid to the plaintiff by her husband fraudulently.

The judge thereupon directed a nonsuit; to which the counsel for the plaintiff excepted. The exceptions were ordered to be heard at the General Term in the first instance.

*John S. Hubbard* for the appellant. The question as to whether the money was a gift from the husband to the wife, or a payment of an existing debt to her, was one of law. (*Pollock* v. *Nat. Bank*, 3 Seld., 274, and cases cited; 1 Peters, 578; 3 Wend., 75; 1 Cowen, 397; 3 Hill, 520; *Winchell* v.

*Hicks*, 18 N. Y., 565.) The money received by plaintiff's husband from her in 1847 was his, irrespective of the agreement with her. (2 Black. Com., 433; 2 Kent, 11th ed., 107, 108, 129, 151; marginal paging, 129, 143, 162; *Ryder* v. *Hulse*, 24 N. Y., 372; *Savage* v. *O'Neil*, 42 Barb., 374, 379, 380; *Cropsey* v. *McKinney*, 30 id., 48; *Westervelt* v. *Gregg*, 2 Kern., 202; 25 N. Y., 330; *Howard* v. *Maffatt*, 2 J. Chy. R., 206.)

*John A. Vanderlip* for the respondent. The receipt, by plaintiff's husband, of the avails of her land was a sufficient consideration for the payment by him. (*Babcock* v. *Eckler*, 24 N. Y., 623; *Knapp* v. *Smith*, 27 id., 277; *Buckley* v. *Wells*, 33 id., 518; *Abbey* v. *Deyo*, 44 Barb., 374; 44 N. Y., 343; *Schaffner* v. *Reuter*, 37 Barb., 42; *James* v. *Taylor*, 43 id., 530; *Damon* v. *Hall*, 38 id., 136; *Gass* v. *Cahill*, 42 id., 310; *Wilbur* v. *Frandenburgh*, 52 id., 474; *Dygert* v. *Remerschneider*, 39 id., 417; *Merchant* v. *Brunell*, 3 Keyes, 539.) The question as to the fraudulent intent was one of fact for the jury. (*Jackson* v. *Seward*, 8 Cow., 406; 2 R. S., 137.)

Leonard, C. The defendant insists upon the common-law rule, that the husband is entitled to all the personal property and choses in action of the wife. Under this rule, the money which she received from her father's estate, in 1847, became his property. (*Ryder* v. *Hulse*, 24 N. Y., 372.)

But it is well settled that a court of equity will make a settlement for the support of the wife out of any property received by the husband in her right. He might allow the wife to retain her separate estate, and if he borrowed her money there was a valid consideration in equity to repay it. A promise to repay money so borrowed by the husband cannot be regarded as *nudum pactum*. (*Babcock* v. *Eckler*, 24 N. Y., 623; *Buckley* v. *Wells*, 33 id., 518.)

The same rule prevailed when Mr. and Mrs. Woodworth were married, in 1846. (*Savage* v. *O'Neil*, 44 N. Y., 298, and cases there cited.)

Under the rules of pleading and practice, as prescribed by the Constitution of 1846 and the Code of Procedure, the equitable rights of the plaintiff may be considered in this action. The plaintiff may avail herself of these rights to overcome the strict common-law rule insisted on by the defendant, without resorting to a separate action for that purpose.

The plaintiff could lawfully purchase property and carry on an independent business, employing her husband as her agent. (*Knapp* v. *Smith*, 27 N. Y., 278; *Buckley* v. *Wells*, *supra; Gage* v. *Donehy*, 34 N. Y., 293; *Abbey* v. *Deyo*, 44 id., 344.)

Whether the payment to the wife, in 1857, was fraudulent and void, was a question of intent under the statute, and is to be considered as a question of fact, and not of law. *Prima facie*, the case for the plaintiff was sustained by the evidence.

We should disregard the plain meaning and intention of the statutes in favor of married women, were it held that the plaintiff was not, as matter of law, in good faith carrying on a separate business for the benefit of her separate estate.

It was for the defendant to prove that the acts of the plaintiff, in carrying on this business or employing her husband as her agent, were not in good faith. It cannot be held as a presumption of law.

The order should be affirmed with costs, and the case remitted to the Supreme Court with directions to assess the plaintiff's damages, and enter judgment in her favor upon the stipulation of the defendant.

All concur.

Order affirmed, and judgment accordingly.