## HOLDEN v. BURNHAM.

*Fraudulent conveyance — what is not — Equitable title to real property.*

The wife of B. purchased real estate and paid therefor, but the conveyance was made to her husband upon a promise on his part to convey to her on request, which he did. During all the time her husband held title she was in possession, receiving the rents and paying the taxes and charges on the property. *Held*, that the wife was in equity the owner of the property, and the conveyence to her was valid against a creditor of her husband, the debt not being contracted on the strength of the ownership of the property by the husband.

APPEAL by plaintiffs from a judgment in favor of defendant, entered upon the report of a referee. The action was brought in Kings county by James C. Holden and others against John W. Burnham and others to set aside as fraudulent a conveyance of real estate made by said John W. Burnham through Ashburton S. Lewis to the wife of said grantor. Lewis and the wife were also made defendants. The facts sufficiently appear in the opinion.

*S. H. Thayer*, for appellants, cited *Savage* v. *Murphy*, 34 N. Y. 508; *Case* v. *Phillips*, 39 id. 164; *Carpenter* v. *Roe*, 10 id. 227; *Garfield* v. *Hatmaker*, 15 id. 475; *Lounsbury* v. *Purdy*, 18 id. 515; *Siemon* v. *Schurck*, 29 id. 598; *Spaulding* v. *Norman*, 51 id. 672.

*Wilcox & Hobbs*, for respondents.

TAPPEN, J. The plaintiffs recovered a judgment against John W. Burnham on the 2d of January, 1872, and after return of execution unsatisfied, seeks by this action to subject to the payment thereof a certain house and lot now standing in the name of Anna, wife of the judgment debtor. At the trial proof was offered and the referee has found as facts that Mrs. Burnham for many years carried on the separate business of a boarding house in her own name and for her own account; that the purchase of the property in question was made by her, and that she paid therefor; and that the conveyance was taken to her husband, with the promise on his part to convey to her at any time on request, and he did so convey through the defendant Lewis about the 1st of July, 1870, before the recovery of the plaintiffs' judgment, but after the suit had been commenced in which such judgment was rendered. Mrs. Burnham appears to have been in possession, to have received rents and paid taxes and charges ever since the conveyance was made to her husband. The claim on which plaintiffs' judgment was founded was in the nature of a credit to Burnham, and was not a debt or liability contracted on the strength of his ownership of the property.

The referee's conclusions of law are that the conveyance to John W. Burnham vested the legal title in him; that while he so held the legal title Anna Burnham was in equity the real owner and entitled to a conveyance thereof on request, and that the conveyances by which she took title were valid and effectual as against the plaintiffs.

The plaintiffs say this is not the law, but upon the principles laid down in the following cases the judgment should be upheld: *Siemon* v. *Schurck*, 29 N. Y. 598; *Davis* v. *Graves*, 29 Barb. 480; *Woodworth* v. *Sweet*, 51 N. Y. 8; *Foot* v. *Bryant*, 47 id. 544; *Claflin* v. *Welch*, 51 id. 626; *Baldwin* v. *Ryan*, 3 N. Y. Sup. 254.

The judgment should be affirmed on the law and the facts, with costs.

*Judgment affirmed.*