NATHAN C. SIMONS et al., Appellants, *v.* THE FIRST NATIONAL BANK OF UNION SPRINGS et al., Respondents.

A mortgage recited that it was "intended as collateral security for the payment of any indebtedness " of the mortgagors to the mortgagees, and it was declared therein that when the mortgagors " shall have paid all such indebtedness this mortgage shall become null and void." No indebtedness existed when the mortgage was executed, but one was subsequently incurred to about the sum specified in the mortgage. In an action by junior mortgagees to have their mortgage declared the first lien, *held,* that as the words " any indebtedness " might refer as well to contemplated as existing debts, the real intention of the parties might be shown *aliunde ;* and it appearing by such evidence that

the mortgage was intended as a continuing security for future indebtedness, the action was not maintainable.

A national bank may lawfully take a mortgage to secure future indebtedness.

(Argued June 15, 1883; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 25, 1879, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to set aside a sale on foreclosure by advertisement of a mortgage executed by defendants Shank & Shoemaker to defendant the First National Bank of Union Springs; to have a mortgage owned by plaintiffs, covering the same premises, adjudged to be the prior lien, and for a foreclosure thereof.

The material facts are stated in the opinion.

*H. V. Howland* for appellants. As the mortgage which the bank foreclosed was by its written terms given to secure an existing indebtedness, when that indebtedness should be, or was, paid up, said mortgage, by its terms and by operation of law, was canceled and the power of sale therein ended, and a sale thereafter by the bank was a fraud upon the subsequent incumbrancers. (*Warner* v. *Blakeman*, 4 Keyes, 487; *Truscott* v. *King*, 2 Seld. 162; *Wood* v. *Colvin*, 2 Hill, 566; *Truscott* v. *King*, 2 Seld. 161–2; *Walker* v. *Sneidaker*, 1 Hoff. Ch. 145; *Ex parte Hooker*, 19 Ves. 447; 4 Kent's Com. 176; *St. Andrew's Ch.* v. *Tompkins*, 7 Johns. Ch. 13.) The statute foreclosure of the bank mortgage is not a bar to this action. (Laws of 1844, chap. 346, § 4; *Warner* v. *Blakeman*, 36 Barb. 501; 4 Keyes, 487, 510.) The mortgage was given to the National Bank to secure future loans, or as a continuing security, it is void, for the reason that the bank had no power to take such a mortgage. (Act of Congress of June 3, 1864, §§ 8, 28; Morse on Banking, 505; 10 Alb. L. J. 85; *Fowler* v. *Scully*,

72 Penn. St. 456 ; *Crocker* v. *Whitney,* 71 N. Y. 161 ; 23 Alb. L. J. 355.)

*W. E. Hughitt* for respondents. The foreclosure and sale, under the Union Springs Bank mortgage, was valid and binds the plaintiffs. (*B'k of Utica* v. *Finch,* 3 Barb. Ch. 293 ; *McKinster* v. *Babcock,* 26 N. Y. 378 ; *Shirras* v. *Craig,* 7 Cranch, 34 ; *Agawam B'k* v. *Strever,* 18 N. Y. 502 ; *Young* v. *Wilson,* 27 id. 351.) The defendant's mortgage was a continuing security for any future balance. (*Agawam B'k* v. *Strever,* 18 N. Y. 502 ; *Merchs.' Nat. B'k* v. *Hall,* 83 id. 338.) Recording plaintiffs' mortgage was no notice to the defendants. It must be actual notice brought home to the party. (7 Cranch, 34 ; 85 N. Y. 43.)

ANDREWS, J. The mortgage to the First National Bank of Union Springs was prior in date to the plaintiffs' mortgage and was first recorded. It was regularly foreclosed by advertisement under the statute, and the premises were purchased on the sale by the defendant Schenck, who subsequently conveyed them to the defendant Kyle. The only ground upon which the plaintiffs rely to sustain the claim to set aside the sale, and to have their mortgage declared the first lien upon the premises, is that there was no existing indebtedness from Shank & Shoemaker to the Bank of Union Springs, when the mortgage to the bank was executed, and that only indebtedness existing at that time is within the condition of the mortgage. It is not open to question that it was the intention of the parties to the mortgage that it should be a continuing security for any indebtedness which might be incurred by the mortgagors to the bank after the mortgage was executed. The court found upon the request of the plaintiffs that the mortgage was executed solely to secure any future indebtedness which might accrue from the mortgagors to the bank, and the plaintiffs cannot now controvert this finding.

If, therefore, the condition of the mortgage can be construed as covering indebtedness of the mortgagors to the bank, which

might be contracted subsequent to its execution, the action must fail. No fraud is found or proved, and it is undisputed that there was a debt nearly or quite equal to the whole nominal consideration of the mortgage at the time of the foreclosure. The mortgage recites a consideration of $5,000, and the condition is as follows : " This grant is intended as collateral security for the payment of any indebtedness of the said first parties to the said party of the second part, by note or otherwise ; and whenever the said first party shall have paid all such indebtedness, this mortgage shall become null and void ; which said sums, principal and interest, the said parties of the first part hereby covenant and agree to pay to the party of the second part, in the manner and at the time or times aforesaid, and this conveyance shall be void if such payment be made as herein specified." It will be observed that there are no express words confining the security to debts existing when the mortgage was made. The words are " any indebtedness." The language may refer as well to contemplated as to existing debts, and the real intention of the parties may be shown *aliunde* without infringing the rule which excludes parol evidence to extend or change the meaning of written instruments. (*Truscott* v. *King*, 6 N. Y. 147.)

The plaintiffs' mortgage was given to secure an antecedent debt. When taken the mortgage to the bank was on record. The plaintiffs could by actual notice have prevented subsequent advances by the bank on the credit of its mortgage to the plaintiffs' prejudice. In this case the evidence tends to show that the indebtedness of Shank & Shoemaker to the bank was not increased after the execution of the plaintiffs' mortgage. We think the plaintiffs failed to establish their case independently of the special ground upon which their complaint was dismissed at the trial. It is now settled that a national bank may lawfully take a mortgage to secure future indebtedness. (*National Bank* v. *Whitney*, 13 Otto, 99.)

The judgment should be affirmed.

All concur.

Judgment affirmed.