## DETERMINED IN THE

# FOURTH DEPARTMENT,

### AT

# GENERAL TERM,

## April, 1885.

---

THE REMINGTON PAPER COMPANY, APPELLANT, *v.*
ANNA M. O'DOUGHERTY AND DENNIS O'BRIEN,
INDIVIDUALLY AND AS ADMINISTRATORS, ETC., OF PATRICK
O'DOUGHERTY, RESPONDENTS.

36  79
75  522
36  79
80  481
36  79
86  419
36  79
149a 121
36  79
156a 521

*Action to set aside fraudulent conveyances — the burden of proving fraud rests on*
*the plaintiff — when a set-off of judgments will not be ordered.*

This action was brought by the plaintiff, a judgment creditor of the defendants
Patrick and Anna O'Dougherty, to set aside a deed absolute in form, but in
fact a mortgage, given by them to the defendant O'Brien, April 27, 1877, on
the ground that the conveyance was fraudulent and void, and also to set
aside an assignment of a mortgage upon the property from the defendant
Anna to O'Brien, which was made at the same time. O'Brien, at the time
of receiving the deed and mortgage, gave to the grantors a written instru-
ment reciting that the grantors were indebted to him in a large sum for
legal services already rendered, and that other actions were still pending, and
agreeing to act as their attorney in the said litigations, and that after their
termination he would reconvey the property and mortgage, upon the pay-
ment of such sum as would justly compensate him for his past and future
services. This instrument was not acknowledged or recorded.

*Held,* that the conveyance and assignment were valid securities in the hands of
O'Brien, and that he was entitled to hold them to indemnify himself for his
services rendered and to be rendered.

That the burden of establishing a fraudulent intent upon the part of O'Brien
rested upon the plaintiff.

That the fact that the transfer covered substantially all the property of the
debtors did not conclusively establish its fraudulent character.

On June 13, 1877, O'Brien obtained a judgment, by confession, against Patrick
O'Dougherty for $1,500, for his services as attorney and counselor.

*Held*, that in determining in this action the amount for which O'Brien was entitled to claim a lien upon the property so transferred to him, the value of his services was not conclusively limited to the amount of this judgment.

At the time of the assignment of the mortgage to O'Brien an action to foreclose the same was being conducted by him, in Anna O'Dougherty's name, in which action a judgment in her favor was subsequently entered, which was affirmed by the General Term and the Court of Appeals on appeals taken thereto by the plaintiff.

*Held*, that the judgment against the present plaintiff for costs, recovered in that action, would not be set off on its application against the judgments it had recovered against the O'Doughertys.

In a judgment creditor's action, formerly brought by the plaintiff against the O'Doughertys, the validity of the mortgage transferred to O'Brien was affirmed. In that action two judgments for costs were, after the assignment of the mortgage to O'Brien, recovered by the O'Doughertys against the plaintiff; there was an understanding between the O'Doughertys and O'Brien that the latter should have all costs accruing in such litigation.

*Held*, that these judgments could not be set off against the judgment recovered by the plaintiff against the O'Doughertys.

APPEAL from a judgment, entered in Jefferson county upon the report of a referee, refusing to set off judgments between the defendants O'Doughertys and the plaintiff, and dismissing the complaint in this action as a creditor's bill for the collection of plaintiff's judgment out of certain property transferred by the O'Doughertys to the defendant Dennis O'Brien; and finding that these transfers were not fraudulent in fact, and also awarding a foreclosure of the deed taken by the defendant O'Brien, which was declared to be a mortgage security, and also providing for the distribution of any surplus moneys which might arise from such foreclosure and sale.

In January, 1876, the plaintiff commenced an action in this court against Anna M. O'Dougherty and Patrick O'Dougherty to set aside certain conveyances and to collect certain judgments held by plaintiff. The defendants defended the action, O'Brien being their attorney. Prior to that time O'Brien had performed a large amount of professional services for the O'Doughertys, and had only been paid forty dollars on account of the same.

On the 24th day of January, 1876, the day the answer in the creditor's bill above-mentioned was served, Patrick and Anna M. O'Dougherty entered into an agreement in writing with O'Brien, whereby they agreed to pay him a fair and reasonable compensation for his services already performed, and which were to be performed,

in said·creditor's suit.   O'Brien thereupon defended said creditor's suit and also brought an action to foreclose a mortgage held by Anna M., which the creditor's bill sought to set aside and cancel as a fraudulent lien.

The referee decided in favor of the plaintiff in the creditor's suit, except as to a certain mortgage given to Anna M. O'Dougherty, which he held was a good and valid security, and in the action to foreclose said mortgage found there was $9,448 due upon it, and directed a foreclosure of the same.   Judgment was entered in the creditor's suit against the O'Doughertys on the 23d day of May, 1877, for $418.46 costs.   From this judgment the O'Doughertys, by O'Brien, their attorney, appealed to the General Term, where the same was modified and affirmed and judgment against the defendants for $176.69 costs entered in Jefferson county clerk's office February 5, 1879.   The defendants then appealed to the Court of Appeals, where the judgment was modified and affirmed, without costs. The plaintiff appealed from so much of the judgment in the creditor's suit as upheld the mortgage to Anna M. O'Dougherty. The judgment was affirmed at General Term and judgment for $115.69 costs against plaintiff entered on the 12th day of February, 1879.   The plaintiff then appealed from said judgment of affirmance to the Court of Appeals, where it was again affirmed and judgment for $432.95 costs entered against plaintiff December 2, 1880.   The plaintiff also appealed from the decree adjudging a foreclosure of the mortgage to Anna M. O'Dougherty. The judgment was affirmed at General Term and judgment for $111.29 costs entered against plaintiff February 12, 1879.   The plaintiff then appealed to the Court of Appeals, where the judgment was again affirmed and judgment for $146.95 costs entered against plaintiff December 2, 1880.   O'Brien was the attorney for and conducted the above suits and appeals for the O'Doughertys.

Before any judgment was rendered in the creditor's suit, and on the 25th day of April, 1877, Patrick and Anna M. O'Dougherty executed to said O'Brien deeds of certain property, and Anna M. O'Dougherty also assigned to him the mortgage held by her together with the cause of action and all rights she might have under any decree to be entered in the same and all costs and damages that might be recovered in the same.   O'Brien at the same

time gave back to the O'Doughertys an agreement in writing, reciting that said transfers were held as security for the services he had already performed or might render in the future, and agreed to prosecute and defend said suits and prosecute and defend any appeals therefrom which might be necessary, and also agreed, after the termination of the litigation, to reconvey on payment of what was justly due for his services.

On the 23d day of March, 1881, judgments were entered against Anna M. O'Dougherty for forty-six dollars, which were afterwards assigned to the plaintiff. The plaintiff thereafter commenced this action against O'Brien and Patrick and Anna M. O'Dougherty, April 25, 1881, for the purpose of procuring a decree adjudging the transfers and conveyances to O'Brien fraudulent and void, and for a decree setting off the judgments recovered by the O'Doughertys against those recovered by plaintiff against them, and procured an injunction restraining the collection of said executions against it during the pendency of the action. Patrick O'Dougherty died after the commencement of the suit, and O'Brien and Anna M. O'Dougherty were appointed his administrators and duly substituted as defendants in his place.

It was agreed during the trial, by all the parties, that if the referee found the property conveyed to O'Brien was a valid security in his hands, there might be inserted in the report such provisions as were necessary to enable him to collect the amount due him out of the property. The referee accordingly ordered the pleadings amended so as to contain all necessary averments to authorize a sale of said property, and directed a foreclosure thereof.

*Dorwin & Brown*, for the appellant.

*O'Brien & Emerson* and *James A. Ward*, for the respondents.

Hardin, P. J.:

Appellant contends that the referee erred in finding that the transfer to O'Brien was made in good faith and without intent to defraud the plaintiff, and insists that the transfers were a fraud upon their face, and that the instruments that were given in respect thereto are insufficient and unsatisfactory to establish their " *bona fides.*" In support of this contention, the appellant insists that the deed of

April 25, 1877, executed by Patrick and Anna M. O'Dougherty to defendant O'Brien, comprised a consideration of $5,000, and was absolute in terms, and that the defeasance executed by O'Brien on that day was not acknowledged or recorded, and that the bond and mortgage given by Patrick O'Dougherty and by him transferred to Anna O'Dougherty, and by her assigned to the defendant O'Brien, April 27, 1877, was for some $9,000, and that thereafter, on May 9, 1877, O'Brien took a chattle mortgage from Patrick and Anna M. O'Dougherty to secure $500 as services as attorney and counselor, and that Anna O'Dougherty recovered a judgment against Patrick O'Dougherty, February 15, 1876, for $1,437.40, which was assigned to O'Brien, and that O'Brien obtained a judgment against Patrick O'Dougherty June 13, 1877, by confession, for $1,500 for his services as attorney and counselor, and that these transfers and conveyances are indicative of fraud and subject the transactions between the attorney and the clients to suspicion and criticism such as would obtain between near relatives, and that the terms of the transfers being apparently absolute on their face, give rise to an inference of fraud.

It appears in the evidence that when the transfers were made the O'Dougherty's had been carrying on litigations for over ten years, having manifold suits in the various courts of this State, and that O'Brien had been counsel in the several litigations; many of the litigations were already closed and some of them remained in the courts, and it was evident that there would be further litigations had in the suits then pending, and it is suggested that the securities so made to O'Brien were with a fraudulent intent and for the purpose of heading off creditors of the O'Dougherty's, and especially this plaintiff. It is also suggested that there was no definite ascertainment of the services performed, or to be performed, by O'Brien. It is also suggested that Patrick O'Dougherty died after the commencement of this action, and Dennis O'Brien and Anna M. O'Dougherty were substituted as administrators of his estate, and put in no answer to this action.

It is also suggested that James O'Dougherty testified to admissions of Patrick O'Dougherty in respect to the transfer of some of the property, tending to show that the transfers made to O'Brien were fraudulent in fact.

Upon the other side of the question it is suggested that the testimony of James O'Dougherty was only competent against the defendant or the estate of Patrick O'Dougherty, and that his declarations could not bind the other defendant. We think it is clear that the declarations of Patrick O'Dougherty were not controlling against Anna O'Dougherty, nor were they competent evidence against the defendant O'Brien. It also appears in the evidence that in January, 1876, the O'Doughertys executed an agreement which is important upon the question now under consideration. That agreement, after specifying seven litigations, continues as follows, viz. :

"*Whereas*, Dennis O'Brien has been retained by and has acted as attorney and counselor in each and every of the above actions for Patrick O'Dougherty or Anna M. O'Dougherty, and has been paid thereon the sum of forty dollars only; now, therefore, we, said Patrick and Anna M. O'Dougherty, do hereby covenant and agree with the said O'Brien, that we will pay to him, for his services in the cases above named, a fair and reasonable compensation.

"Signed and sealed.

"PATRICK O'DOUGHERTY. [L. S.]

"ANNA M. O'DOUGHERTY. [L. S.]"

It appeared from the evidence that the litigations had increased so that the services of O'Brien had been considerably extended prior to April, 1877. In that month the transfers, to which we have already alluded, were executed to O'Brien. It is very evident that there was no intent that they should be absolute conveyances and transfers. Such fact is established in the testimony of Anna O'Dougherty, and also in the testimony of O'Brien.

In addition to the positive testimony of O'Brien on that subject; the defeasance produced in writing, and read in evidence, bearing date April 27, 1877, between O'Brien and Anna M. and Patrick O'Dougherty, states, among other things, as follows, viz. :

"*Whereas*, Said Anna M. and Patrick are indebted to said O'Brien in a large sum for legal services and expenses ; and whereas, several suits are now pending in the courts of this State against them, and which must be litigated at the General Term, and perhaps in the Court of Appeals ; now, therefore, it is hereby agreed that the

said O'Brien shall and will act as attorney for said Anna M. and Patrick in said suits, and prosecute and defend the same and make appeals therein to the Court of Appeals, if necessary, and do all other acts and things that may be necessary in and about said actions ; and to pay said O'Brien for all services heretofore rendered, and to secure payment for all services that may be hereafter rendered ; said Anna M. and Patrick have this day conveyed to O'Brien by deed certain lands described in said deed, and said Anna M. has also transferred to O'Brien a mortgage and decree and suit for the foreclosure thereof, being a mortgage made by said Patrick to John O'Dougherty. Now, therefore, I hereby agree that after said litigation is terminated, I will convey to Anna M. the lands thus deeded to me and the mortgage thus transferred upon payment to me of such sum as shall justly compensate me for my future services in said suits, and also in case she shall refund to me the amount now my due, and for payment of which said conveyance and transfer is made, with interest thereon. The deed by me to be without warranty, except as to my own acts.

" Witness my hand and seal the day and year first above written.

"(Signed.)        D. O'BRIEN."

We are of the opinion that upon the evidence before the referee he was warranted in finding as he did, that the transfers and conveyances were made for the purpose of securing O'Brien for his services rendered and to be rendered, and that the same was taken and accepted by the said O'Brien without any fraudulent intent. It was entirely competent to receive parol evidence in respect to the intent of the parties in making and accepting the conveyances and transfers. (*Horn* v. *Keteltas*, 46 N. Y., 605.) It was, therefore, entirely competent to receive evidence by parol that the deed was intended as a mortgage, and when that fact appeared in connection with the defeasance, the deed and defeasance were to be construed together as one instrument. (*Odell* v. *Montross*, 68 N. Y., 499 ; *Meehan* v. *Forrester*, 52 id., 277 ; *Bainbridge* v. *Richmond*, 17 Hun, 291.) After a careful consideration of all the evidence bearing upon the question of fraud, we are of the opinion that the referee's report in that regard should not be overturned. We are therefore of the opinion that the conveyances and assignments made by the O'Doughertys to O'Brien were valid securities

in his hands, and that he was entitled to hold them to indemnify himself for services rendered and to be rendered.

The burden of establishing fraudulent intent upon the part of O'Brien was upon the plaintiff, and we think the evidence sufficiently sustained the conclusion reached by the referee. ( *Woodworth* v. *Sweet*, 51 N. Y., 8; *Dudley* v. *Scranton*, 57 id., 424.) It was incumbent upon the plaintiff to establish a fraudulent intent upon the part of O'Brien, or that he participated in, or knowingly acted with, any fraudulent intent which the O'Doughertys may have had in making the transfers. (*Hall* v. *Arnold*, 15 Barb., 599 ; *Carpenter* v. *Muren*, 42 id., 300 ; *Ruhl* v. *Phillips*, 48 N. Y., 125 ; *Jaeger* v. *Kelley*, 52 id., 274 ; *Dudley* v. *Danforth*, 61 id., 626 ; *Parker* v. *Conner*, 93 id., 118.) It was contended by the plaintiff because the transfers covered substantially all the property of the O'Doughertys, therefore they were to be regarded as fraudulent. While such fact may be a circumstance, with others leading towards the finding of such an intent, it is not controlling or conclusive. A debtor in failing circumstances and an insolvent debtor, may legally prefer one creditor to another, and where he does so by a transaction that is free from fraud, that transaction will be upheld when challenged by other creditors. (*Auburn Exchange Bank* v. *Fitch*, 48 Barb., 344 ; *Bedell* v. *Chase*, 34 N. Y., 386 ; *Murphy* v. *Briggs*, 89 id., 446 ; *Knapp* v. *McGowan*, 96 id., 76.) We are of the opinion that the securities were available to O'Brien for future services, for advances, inasmuch as, contemporaneous with the execution of them, he agreed to make such advances and render such services. (*Robinson* v. *Williams*, 22 N. Y., 380 ; *Ackerman* v. *Hunsicker*, 85 id., 43 ; affirming S. C., 21 Hun, 53 ; *Simons* v. *First Nat. Bank*, 93 N. Y., 269.)

It is insisted by the appellant that the judgment for $1,500, confessed by Patrick O'Dougherty to O'Brien, conclusively stated the limit of O'Brien's services in behalf of Patrick O'Dougherty, and that because it was against him individually, it cut off the right of O'Brien to recover for services performed for Patrick and Anna M. O'Dougherty jointly, or in virtue of their joint agreement to pay for such services of O'Brien.

While we regard the confession of judgment as some evidence of the extent of the liability of Patrick O'Dougherty, we do not

consider the same to be conclusive evidence as between the present plaintiff and O'Brien ; nor do we think the judgment is sufficient to cut off, in equity, the right of O'Brien as against the appellant, or the right to enforce securities in his hands intended to cover services rendered prior and subsequently to the confession of judgment, either for Patrick O'Dougherty or Anna O'Dougherty, or for them jointly.

Section 1278 of the Code of Civil Procedure provides that a judgment by a confession of one debtor " is not a bar to an action against all the joint debtors upon the same demand." (*Orleans Co. National Bank* v. *Spencer*, 19 Hun, 579, opinion of HARDIN, J.)

It must be borne in mind that O'Brien is seeking in a court of equity to maintain his right to enforce securities given to him for services rendered prior to the delivery of them and subsequently. His equitable rights in the premises were not cut off by the confession of judgment. (*O'Dougherty* v. *Remington Paper Co.*, 81 N. Y., 496 ; *Millard* v. *Missouri, K. and T. R. Co.*, 20 Hun, 191.)

*Second.* It appears that after the assignment of the John O'Dougherty mortgage to O'Brien, in a suit to foreclose the same, conducted in Anna O'Dougherty's name, two judgments for costs were recovered against the present plaintiff; one a judgment of affirmance in the General Term, and the other a judgment of affirmance in the Court of Appeals. It is quite apparent that Mr. O'Brien conducted the litigations respectively in those judgments, and, as attorney, would be entitled to a lien upon the judgments under the old rule giving the attorney a lien upon judgments for costs, as well as under section 66 of the Code of Civil Procedure. (*Ennis* v. *Curry*, 22 Hun, 584.)

Having taken an assignment of the bond and mortgage involved in the action, he also held the legal title to the judgments recovered in the action to foreclose the mortgage. It may be said that the costs involved in the judgments, and the judgment sustaining the decree and foreclosure, were incidents attaching to and following the legal title to the bond and mortgage.

We are therefore of the opinion that the plaintiff was not entitled to have an offset against these two judgments. (*Ennis* v. *Curry*, 22 Hun, 584.)

*Third.* There were two other judgments recovered against the plaintiff in the name of Patrick and Anna M. O'Dougherty, in the creditors' suit which was brought by the plaintiff against the O'Doughertys.   As between Patrick and Anna M. O'Dougherty it would seem, by inquiring into the circumstances leading up to the recovery of the two judgments for costs, that the judgments equitably were the property of Anna M. O'Dougherty; however, that circumstance, in the view we take of the case, is not very important or controlling.   It seems by the bond that before the recovery of the last two judgments named, the bond and mortgage was assigned by Anna M. O'Dougherty to the defendant O'Brien, there was proof sufficient to warrant a finding that there was an agreement between her and O'Brien that he should have all the costs that should accrue in any of the litigations made as early as April, 1877.

O'Brien might have been substituted as a party in the place of his assignor (Code of Civil Pro., § 756), and he would have been entitled to have prosecuted the appeal, and possibly would have been liable for costs, had they been awarded against the nominal party after he had taken an assignment of the bond and mortgage. (Code of Civil Pro., § 1296; *Hobart* v. *Hobart*, 23 Hun, 484.) We are of the opinion that the plaintiff was not entitled to have a set-off ordered against the judgments.  (*Stilwell* v. *Carpenter*, 59 N. Y., 414; S. C. [modified], 2 Abb. N. C., 238; *Ennis* v. *Curry*, *supra; Munger* v. *Albany City Bank*, 85 N. Y., 580; *Perry* v. *Chester*, 53 id., 240; *Hoyt* v. *Godfrey*, 3 Civil Pro. R., 118.)

It follows from the views already expressed that the learned referee was right in refusing the decree to set off the plaintiff's judgments against the judgments mentioned in the complaint.

*Fourth.* During the progress of the trial it was stipulated that the answer of the defendant might be amended so as to ask for a foreclosure of the mortgage and the enforcement of O'Brien's lien upon the premises described in the mortgage ; the amendment was allowed, and the referee's report and the judgment hereby provide for the foreclosure of the mortgage executed to the defendant O'Brien.   During the progress of the trial it became important to ascertain the extent of O'Brien's claim, and upon a conflict of evidence offered in support of it and of evidence challenging it, the referee reached the conclusion that O'Brien was entitled to

hold the deed or mortgage and the assigned mortgage or security held by him, unless he had received therefrom or had been paid the sum of $4,793.93 and interest to the date of the report, amounting to $963.08, making a total of $5,367.01.

From the conflicting evidence before us we are not able to discover what items, or to what extent certain items, were allowed by the referee to reach the conclusion that there was $4,793.93 due to O'Brien. While we are not prepared to say that the referee's findings are against the weight of evidence in respect to the amount due, we are not satisfied that he charged against O'Brien's services the several amounts due or to be recovered upon the four judgments already referred to. There is no finding of fact upon that subject by the referee. We assume these judgments had not been collected of the plaintiff, and that they are collectible, and that the defendant O'Brien has, or will receive, the amount due thereon, ultimately.

We think the referee should have deducted from the sum which he found accrued in favor of O'Brien the amount of these judgments, with costs, and ascertained the balance remaining unpaid to O'Brien. We are also inclined to think that the judgment in this case, directed by the referee, should have provided for the enforcement by O'Brien of the John O'Dougherty mortgage, prior to a sale upon the deed mortgage. Equitably, as he holds two securities for the payment of the same debt, he should be required to enforce the bond and mortgage before making the sale of the real estate mentioned in the deed or mortgage of April, 1877.

In that respect we are inclined to think that the judgment should be modified, if it should remain to be enforced.

We have come to the conclusion to reverse so much of the judgment as awards to O'Brien $4,397.93 and interest thereon, and to order a new trial, with costs to abide the event, unless the defendant shall stipulate to deduct from such amount found due to O'Brien the amount of the four several judgments hereinbefore referred to, and also stipulate to enforce the bond and mortgage before any sale shall take place, upon the decree awarding a foreclosure of the deed mortgage, in which case the judgment, as so modified, shall be affirmed, without costs to either party of this appeal.

BOARDMAN and FOLLETT, JJ., concurred.

So much of the judgment as awards defendant O'Brien $4,397.93 and interest thereon reversed, and a new trial ordered, with costs to abide the event, unless the defendant O'Brien shall stipulate to deduct from such amount the amount of the four several judgments referred to in the opinion, and also stipulate to enforce the bond and mortgage assigned to him before any sale shall take place upon the decree awarding a foreclosure in favor of defendant O'Brien; in case the stipulations are given the judgment, as so modified, shall be affirmed, without costs to either party of this appeal.