Potter, J.
This is an appeal from an order denying a motion upon behalf of the plaintiff to amend the complaint, and from a judgment dismissing the complaint sought to be amended.
These questions arise somewhat peculiarly and possibly in such a manner as to prevent them from being disposed of upon their merits. That result should be avoided if possible.
The action was brought upon a note made and delivered to the plaintiff by the defendants for lumber sold and delivered them by plaintiff in November, 1877.
The defendants were, when the lumber was delivered and the note given for the same, engaged as contractors in erecting a station house for the Second Avenue Railroad Company upon its premises in the city of New York.
The note not having been paid when due, the plaintiff some time thereafter filed a mechanic’s lien upon the structrue as against the defendants’ contractors. Upon the 12th day of February, 1880, the plaintiff, at the request of the defendants, executed a release of said lien, the same to be returned to plaintiffs in a reasonable time, or in lieu thereof the sum of $278.11, to be received from the said railroad company, in settlement of said lien against the owner and to be credited on account of moneys paid on the claim as against the contractors, the defendants and one Warren, and the balance to be settled thereafter on the return of one Gray, who is jointly interested with said plaintiff in said claim. ■
The release of the lien was not returned to plaintiff, but in lieu thereof the said sum of $278.11 was paid to plaintiff upon his claim pursuant to the agreement on the 12th day of February, 1880. Upon the trial the plaintiff proved the execution and delivery of the note to him by the de *469 fendants, who were a firm under the name of McIntyre Bros., and the same was offered and received in evidence.
The plaintiff was then asked how much had been paid on account of this note; that question, upon objection, was excluded, but the witness was allowed to state that his attorney received or was paid some money, and that the note was given for lumber.
Plaintiff then offered in evidence the paper providing for the release of the hen and the payment of the $278.11, upon his claim above referred to, and it was admitted. The plaintiff was then asked what was the claim referred to against the contractors, John E. and James McIntyre, and also what claim was referred to in the paper above mentioned ?
The plaintiff was not permitted to answer either of these questions.
The prospect before him was that upon the face of the note the statute of limitations had run and the defendants had set up the statute as a defense. The complaint, after setting out the note, had also alleged payment of $278.11 on the 12th February, 1880. Of course if that fact was allowed to be proved it would avoid the statute, but the court had refused to allow the plaintiff to prove it in the manner above stated.
In these rulings I think the court was wrong, and that the plaintiff should have been allowed to show that the note in suit was the claim referred to in the instrument and therefore a payment upon the claim was a payment upon the note as alleged in the complaint.
The plaintiff’s attorney asked leave to withdraw a juror and to make a motion to amend his complaint by setting out the original sale of the lumber and the state of the accounts upon which the note was predicated as a result. And he was permitted to do so in an order containing this among other provisions, that in case said motion shall be made and denied that the order be entered as on trial, that the complaint be dismissed with costs as moved by defendant the trial.
It is pretty manifest that the plaintiff’s attorney was somewhat embarrassed, and so he assented to the entering of this order, or when he took any advantage or benefit under it. This order is not appealed from plaintiff, nor could we give any relief from it if he had appealed.
The motion was made and denied, and then, of course, under the order, came the judgment dismissing the complaint, with costs.
The appeal is from an order denying the motion to amend and the judgment dismissing the complaint, with costs of the action.
*470 Is thei any relief for the plaintiff from this dilema? Apparently he has a good cause of action against the defendants, and they have saved it from the statute of limitations by a payment. While the plaintiff cannot appeal from the order allowing him to withdraw a juror and to apply to amend his complaint, yet as that order provided that in case the motion to amend should be denied, the complaint should be dismissed with costs, as moved by defendant at the trial.
After the making and denial of the motion to amend, the case stood in the same position as when the leave to make such motion was granted. That position was, that plaintiff had proved the note, had proved that the note was given for a balance due upon the sale and delivery of lumber, that as alleged in the complaint that a payment of §278.11 had been made upon the note February 12, 1880, and the answer alleged that such payment was made in full satisfaction and discharge of the claim which was the sole and only consideration for said note, and a motion pending on behalf of defendant for a dismissal of the complaint, but no ground therefor was specified. The court excluded the evidence offered to show that the payment was upon the claim or note representing the claim, and dismissed the complaint.
It must be assumed that the dismissal was granted upon the ground that the statute of limitations barred the cause of action. We think the court erred in these rulings.
It was proper for the plaintiff to prove, in order to avoid the statute, that defendants had made the payment upon the note, as alleged in the complaint, or upon the claim, which was the sole consideration of and was represented by the note. The witness was asked, what was the claim mentioned in the receipt or paper which had already been received in evidence without objection. The question simply called for a fact, an answer was given accordingly, and then was stricken out without any specification of grounds.
If the mode of proving a competent fact is objectionable, the objectionable feature should be stated, that the party-may avoid the objectionable mode, if possible. Ward v. Kilpatrick, 85 N. Y., 413; Vincett v. Cook, 4 Hun, 318, 421; Simons v. Bank, 93 N. Y., 269, Coleman v. Manhattan, 94 N. Y., 229.
But in this case the fact itself, viz.: Payment upon the note was not permitted to be proven. If the mode of proving the fact was objectionable, the plaintiff could have proved the whole transaction of the sale of the lumber, the giving of the note for the balance due and the payment upon the note or balance • or perhaps a less involved and *471 more direct way of proving the fact of payment, would have been to offer in evidence the defendant’s answer which alleged payment upon the note of this same sum though in full payment and discharge of it, and then tried the only issue that would have remained, whether it was a full or partial payment of the note. For this reason we think the judgment should be set aside and a new trial had, and this conclusion renders it unnecessary to review the order refusing the amendment or the question whether it is reviewable upon this appeal.
The order permitting the withdrawal of a juror and the making of the motion to amend, as we have seen, provided that in case the motion is denied, that the complaint shall be dismissed as moved by defendant at the trial.
Perhaps that provision prevents an appeal from that order and limits the plaintiff to a review of the question arising upon the trial strictly. If that question was properly open for review upon this appeal and the amendment was necessary in order to allow a trial upon the merits or in furtherance of justice, I should be inclined to the opinion that the amendment should have been allowed. The amendment would not have substantially changed the cause of action. It was whether there was a subsisting indebtedness for property sold and delivered by plaintiff to defendants. Vibbard v. Roderick, 51 Barb., 616, 636.
Indeed, the note being in first hands and the action between the parties to the original transaction, its consideration was open to inquiry and investigation and it had already, upon the trial, been shown to have been given for lumber sold by plaintiff to defendants, which was inline with the proposed amendment.
The judgment should be set aside and a new trial ordered.
Van Brunt, P. J., and Lawrence, J., concur.