### MANCHESTER *v.* TIBBETTS.

*(Supreme Court, General Term, Fourth Department.  September, 1888.)*

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE—FINDING OF REFEREE.

In an action for conversion of chattels, brought by a wife who claims as mortgagee of her husband, against a sheriff selling the same under an execution against the husband, where the evidence of the husband and wife, corroborated by some circumstances, tends to establish the good faith of the mortgage, while other facts tend to show that it is fraudulent, the finding of the referee in favor of the plaintiff will be upheld, as his opinion on the weight of evidence should be respected by the court on appeal; such testimony, if believed, being sufficient to meet the requirement of 2 Rev. St. N. Y. p. 136, § 5, imposing the burden of proof in such case on the wife.

2. FRAUDULENT CONVEYANCES—INSOLVENT MORTGAGOR—INTENT.

Though the mortgagor was insolvent when the mortgage was made, it would not be vitiated thereby if given to secure a just debt, with no intent to defraud creditors.

Appeal from judgment on report of referee.

Action by Sarah M. Manchester against J. Warren Tibbetts, to recover for the conversion of certain chattels seized and sold by defendant under execution against plaintiff's husband, Charles W. Manchester. Plaintiff had a mortgage on the property to secure her in a debt owed by her husband, evidenced by a promissory note for $1,016.06. The mortgage bore date October 28, 1886, and there was a prior mortgage thereon to one King, on which about

$300 was due. The referee found for plaintiff, and judgment was entered accordingly. Defendant appeals.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*D. P. Van Vleet*, for appellant. *Simeon Smith*, for respondent.

HARDIN, P. J. 1. Whether or not the plaintiff's mortgage was void, as against the creditors of the mortgagor, was made a prominent question of fact upon the trial. The defendant was entitled to the benefit of the presumption declared in the statute, while such question was under consideration. That presumption would "be conclusive evidence of fraud, unless it be made to appear on the part of the person claiming under such sale or assignment that the same was made in good faith, and without any intent to defraud creditors." 2 Rev. St. p. 136, § 5; *Look* v. *Comstock*, 15 Wend. 244; *Edgell* v. *Hart*, 9 N. Y. 213; *Russell* v. *Winne*, 37 N. Y. 591. The *onus* was upon the plaintiff to establish, by evidence satisfactory, that the mortgage was "made in good faith, and without any intent to defraud creditors." With a view of establishing that proposition, she gave testimony tending to show the origin of the indebtedness which she held against her husband, the amount due thereon, and that for the purpose of securing that indebtedness he executed to her a promissory note and the chattel mortgage on the 25th of October, 1886. If such indebtedness actually existed, and the note and mortgage were made in good faith, and delivered to her, and the mortgage filed as the statute requires, as to the filing of which no question was made, the transfer to her was as valid as though the transfer had been made to another party under similar circumstances. *Savage* v. *O'Neil*, 44 N. Y. 298; *Seymour* v. *Fellows*, 77 N. Y. 178; *Woodworth* v. *Sweet*, 51 N. Y. 8; *Rawson* v. *Railroad Co.*, 48 N. Y. 216.

Upon the question of fact, of whether the indebtedness existed, and whether the mortgage was made in good faith, to secure the plaintiff, her testimony was given, and the testimony of her husband, and certain facts and circumstances were disclosed tending to sustain the position taken by her in respect to the chattel mortgage. On the other hand, certain facts and circumstances were disclosed in the evidence which form certain *indicia* of fraud. It was the province of the referee to determine where the truth lay in respect to the allegations of good faith on the one side, and the allegations of fraud on the other. While it is true that this court is authorized to review the evidence, and to reach a conclusion thereon averse to the conclusion reached by the referee, it is also the duty of the court, in considering the evidence and circumstances, to give influence to the finding of the referee. *Sperry* v. *Baldwin*, 46 Hun, 124. The referee saw the witnesses, heard them testify, and had somewhat better opportunity of judging as to whether they were truthful or not than this court can have. After reading the evidence, and allowing the finding of the referee to have its proper influence upon us, we are not inclined to overturn his findings of fact. He has specifically found that there was no agreement or understanding between the parties to the mortgage at the time of the execution thereof, other than such as was stipulated on the face of the mortgage. In the absence of such a parol agreement, the circumstance disclosed in the evidence, that the mortgagor sold some of the articles, may not be held sufficient to avoid the mortgage. *Southard* v. *Benner*, 72 N. Y. 424; *Brackett* v. *Harvey*, 91 N. Y. 214; *Sperry* v. *Baldwin, supra*, 125.

2. When the plaintiff's mortgage was executed, the mortgage to King was not due, and the legal title, therefore, to the property described in the King mortgage, remained in the mortgagor at the time of the execution of the mortgage to the plaintiff, and at the time the plaintiff's demand was made upon the defendant for the property. Subsequent to the execution of the mortgage to the plaintiff she made some efforts to take possession of the property cov-

ered by her mortgage. While the circumstances are very slight to indicate that she assumed control and possession of the property, if her chattel mortgage was valid, her right to have the possession of the property at the time the demand was made was secured to her by her mortgage, inasmuch as her mortgage was past due, having been given payable one day after its date, and the demand was made several days after the date of the mortgage.

3. It seems, upon the whole evidence given upon the trial, the referee was of the opinion that the property sold by the defendant was fairly worth, "over and above the claims thereon prior to the plaintiff's mortgage," the amount due upon plaintiff's mortgage. When the plaintiff rested no motion for a nonsuit was made, and no exceptions were taken upon the trial which are deemed worthy of discussion by the appellant, or which, upon examination, are found to be of any avail to the appellant.

4. The circumstance that the mortgagor was insolvent at the time he executed the mortgage to the plaintiff is not sufficient to vitiate the plaintiff's mortgage. The paramount question is whether the mortgage was given for actual *bona fide* indebtedness, and with an honest intention of securing that indebtedness to the plaintiff without any intent to hinder, delay, or defraud other creditors. *Livermore* v. *Northrup*, 44 N. Y. 107; *Jaycox* v. *Caldwell*, 51 N. Y. 395; *Plow Co.* v. *Wing*, 85 N. Y. 421. After the referee made up his mind to believe the testimony of the plaintiff and her husband upon the subject of the plaintiff's chattel mortgage, we think he was warranted in finding the facts which sustain the mortgage. While this case has some suspicious circumstances,—while some features of it are likely to start a suspicion that the transaction between the plaintiff and her husband was fraudulent,—we are not prepared to say that the referee has found upon the essential question against the weight of evidence. His report is therefore sustained. Judgment affirmed, with costs. All concur.