### FARR v. DOXTATER et al.

(Supreme Court, Special Term, Oneida County.  March 1, 1890.)

MORTGAGES—CONTINUING SECURITY.

A mortgage reciting that it is given as "security for the payment of any and all notes, checks, and drafts indorsed by [the mortgagee] for the benefit or accommodation of [the mortgagor,] or of any firm in which [he] is interested, or in any way connected," will be *held* to secure not only past but all future indorsements, when it appears that, at the time it was executed, there was but one indorsement outstanding, and that on a note of the mortgagor's firm.

Action by Archibald Farr against Robert H. Doxtater and others to foreclose a mortgage given by Doxtater to plaintiff, and reciting that it was to be "security for the payment of any and all notes, checks, and drafts indorsed by Farr for the benefit or accommodation of Doxtater, or of any firm in which Doxtater is interested, or in any way connected."  At the time of the execution of the mortgage, there was a note of Doxtater's firm outstanding, on which plaintiff was indorser; and plaintiff thereafter indorsed other notes for Doxtater and his firm, two of which were subsequently paid by plaintiff.  Before plaintiff's mortgage was recorded, a mortgage was executed to defendant Nichols to secure indorsements made by him for Doxtater's firm, and Nichols defends on the ground that nothing is due plaintiff.  The assignee for benefit of creditors of Doxtater and his firm is also a nominal defendant.

G. S. Klock, for plaintiff.  Charles Lyon, Jr., and Merritt E. Sawyer, for defendant Nichols.  Matteson & Harvy, for defendant the assignee.

WILLIAMS, J.  It is claimed by the defendant Nichols that the mortgage of plaintiff secured only indorsements which had already been made, and did not secure indorsements to be thereafter made.  There is no doubt but that the court may look into the circumstances, and may take parol evidence, for the purpose of determining what the intention of the parties was in making the mortgage.  Bank v. Strever, 18 N. Y. 502; Bank v. Hall, 83 N. Y. 338; Simons v. Bank, 93 N. Y. 269.  In 18 N. Y. the memorandum stated the note was left as collateral security for all liability incurred, and the proof showed there was at the time no liability, but liability was thereafter incurred.  The court said that upon a strict grammatical construction the memorandum would be held to embrace only liability already incurred, but its meaning could hardly be regarded as so entirely clear and unequivocal as to exclude all aid from the circumstances surrounding the parties at the time of entering into the arrangement; that it was not usual to pay a very nice and critical regard to the grammatical rules in the use of language in the ordinary transactions of business; and no interpretation which depended upon a very rigid application of those rules could well be considered as so satisfactory as not to admit of modification by any species of extrinsic proof; and that the

proof that there were no existing liabilities when the memorandum was delivered was of the highest importance, and left no doubt as to the true construction of the terms of the memorandum; that it referred to liability that should be thereafter incurred.   Then, as to whether the memorandum should be construed as covering a single liability, or as a continuing security, the court said there was no doubt but the words should be construed as creating a continuing security; that the words "all liability" were equivalent to "any liability," and were inconsistent with the idea of limiting the security to a single one.   These considerations are quite pertinent to the language used in the plaintiff's mortgage.   The language used, strictly construed, would refer to past indorsements, very likely; but, when we consider that there was then but a single indorsement outstanding, and that upon the note of Doxtater's firm, it is very evident, from the language used, the parties did not intend to limit the security of the mortgage to that one indorsement.   The language is, "any and all notes, checks, and drafts indorsed for the benefit and accommodation of Doxtater, or any firm in which he is interested, or in any way connected."  And this language shows unmistakably that the intention was to secure not alone past, but future, indorsements, and that it was to be a continuing security.    In 93 N. Y. the language was: "This grant is indebted as collateral security for the payment of any indebtedness, etc., by note or otherwise."   The court said the language might refer as well to contemplated as to existing indebtedness, and the real intention of the parties might be and was shown *aliunde*, without infringing the rule which excluded parol evidence to extend or change the meaning of written instruments.   The court found the intention was solely to secure future indebtedness.   I must find the plaintiff's mortgage covered and secured the two notes, as alleged.  ·

I do not deem it necessary to discuss any other questions raised in the case. My disposition of the requests on either side will indicate my conclusions as to any such questions.   Plaintiff's attorney will prepare formal findings, and submit to attorneys for defendants for approval as to form, and then to me for signature.