Dwight, J.
The action was for the settlement of a partnership account.. The only question presented in the argument of counsel relates to the disallowance to the defendant of items of interest charged to the plaintiff. The referee found “that there existed during the continuance of the copartnership no-agreement, express or implied, for the payment of any interest on any accounts or balances between the said copartners, (except as to the charge and allowance of interest on the Toledo lumber account, as provided in the articles-of copartnership of January 1, 1881.) That the said plaintiff never understandingly assented to any of the above charges or credits of interest, except said Toledo account, and never assented to any allowance of interest on said-accounts, or any charge or credit of interest between said copartners. That there was no capital in said firm advanced by either of said copartners on which interest could be propefly charged or allowed, and no property advanced by either partner to the said firm, or to the business thereof, upon which any charge or allowance of interest could be properly made or allowed; and no settlement had, or balance struck, during the existence of the said-firm, upon which interest should be charged or allowed.” The finding is-very broad and explicit, and, if supported by the evidence, is sufficient to warrant the conclusion which follows: “That there was improperly charged in said account, to the said plaintiff, on general account, for interest, the sum-of $17,143.25 over and above the amounts credited to her for interest;” which-sum was accordingly disallowed to the defendant. These findings, which are stated by the referee as findings of fact, are excepted to by the defendant. The exception was well taken, if the findings were, or so far as they were, “without evidence tending to sustain them;” for so far they were to be regarded as *391 rulings upon questions of law, within the rule which governs exceptions in such cases. Code Civil Proe. §§ 992, 993. For the purpose of ascertaining the application of that rule to the present case, it is necessary to examine both the pleadings and the proofs presented by the record before us.
The copartnership was originally formed by written articles bearing date January 1, 1870, to be terminated by specified notice by either party. By a subsequent agreement it was to continue to the 1st day of January, 1884. By her complaint the plaintiff asks for an accounting and investigation of all the affairs and transactions of the copartnership from the commencement of its business; and, anticipating the defense of an adjustment and settlement of all matters in dispute between the parties, at and up to a certain date in the history of the copartnership, she goes on to allege such settlement, and seeks to avoid it on the ground of fraud. The allegations of the complaint in that regard are as follows: “That the said business was continued * * * under said articles until the 26th day of November, 1880, when, divers controversies having arisen between the said partners in relation to said business and the conduct thereof, the said partners made and mutually executed and delivered a new contract, in writing, in and by which said controversies and disputes were adjusted, and it was agreed that said partnership business and relations should be continued until the 1st day of January, 1884. ” The complaint then recites some modifications of the original articles introduced by the new agreement, and then goes on to allege that certain false and fraudulent representations were made by the defendant in respeet to the books of account kept by him, and states “that, upon the faith and credit of the said representations and holding out, she agreed and promised, in and by said contract of November 26,1880, that the said books should be accepted as correct, and as truly showing the assests and interest of each party in the business and assets of the firm.” The contract described as of November 26,1880, but bearing date January 1, 1881, is in evidence, and is substantially as stated in the complaint; while the record contains no evidence tending to sustain the allegations of false or fraudulent representations by the defendant, and the referee makes no finding on that subject. Among the matters contained in the books of account thus agreed upon and accepted by the plaintiff as correctly exhibiting the state of the account between the parties, were the charges and credits of interest-on the yearly balances of the partners, respectively, during the period of 10 years from the commencement of the copartnership, whicii were disallowed by the findings under consideration. There is other evidence in the case which tends to charge the plaintiff through her husband, who, by the terms of the article, was to have the entire control of her interest in the copartnership, and whose acts in relation thereto were to bind her, in all respects, with knowledge of and consent to the system of charging and crediting interest adopted by the defendant, which evidence may be said to have been in some measure'contradicted; but the contract to accept and abide by the account as contained in the books, up to November, 1880, is uncontradicted. It is alleged in the complaint, the written contract is in evidence, and it is not impeached for fraud by any evidence in the record before us on this appeal. In this state of the case we are unable to see how the finding in question to the effect that “ there never existed any agreement, express or implied, for the payment of any interest on any accounts or balances between the said copartners, ” and that the plaintiff “ never assented to any allowance of interest on such accounts, or any charge or credit of interest between said copartners, ” can be supported. In view of the allegations of the complaint above quoted, and the evidence in conformity therewith, (in the absence of finding or evidence of fraud,) the finding in question seems to be unsupported, or, in the language of the provision of law referred to, “ without evidence tending to sustain it,” and an exception thereto is well taken as to a ruling upon a question of law.
*392 It is unnecessary to express an opinion upon the question whether the case was one in which, without evidence of assent or agreement, interest could properly have been charged or credited upon balances of the partners’ accounts. That it is competent for partners to agree upon-such allowances of interest is unquestioned.
We are asked by counsel for the appellant, in case of a reversal, to make such a judgment as will limit the new trial to a restatement of the interest account, or at most to a re-examination of the case in respect to that account. This we are not authorized to do. The appeal of the defendant was from all that part of the judgment “which adjudged that the plaintiff recover of the defendant the sum of $6,584.80, together with her costs,” etc. This was the whole of the judgment, except the formal adjudication that the partnership was dissolved, and the direction for the appointment of a receiver. The ascertainment of the balance due to the plaintiff involved a consideration of the whole case, and an allowance or rejection of all the plaintiff’s objections to and surcharges of the account filed by the defendant. Under this appeal it was not necessary for the plaintiff to enter a cross-appeal, because the entire case is necessarily reopened by the reversal of the judgment in the respects covered by the notice of the defendant. For the reasons stated the judgment must be reversed, and a new trial granted. Judgment reversed, and a new trial ordered before another referee, with costs to abide the event. All concur.