## WOODMAN *v.* PENFIELD.

*(Supreme Court, General Term, Fourth Department.    July 20, 1889.)*

1. FRAUDULENT CONVEYANCES—FINDINGS.
   In an action by a wife against a sheriff for the conversion of goods, which he justifies under execution against her husband, alleging that the goods were transferred to her by her husband in fraud of his creditors, where the referee finds on sufficient evidence that the goods were plaintiff's, and that they were transferred to her for valuable consideration, and with no intent to defraud creditors, his error in refusing proper requests to find other facts is immaterial, as the result could not have been changed thereby.

2. SAME—EVIDENCE—MEMORANDA.
   A witness who made an inventory of the goods at the time they were transferred may testify to its correctness, and the inventory itself may be given in evidence.

3. HUSBAND AND WIFE—SALES OF CHATTELS.
   A sale of goods from husband to wife, in good faith, and for valuable consideration, is valid.

Appeal from judgment on report of referee.

Action by Maria E. Woodman against Thomas D. Penfield, sheriff of Oneida county, for the conversion of goods. Judgment for plaintiff for $1,328.72, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*J. S. Baker*, for appellant.    *H. S. Bedell*, for respondent.

MARTIN, J. This action was for the conversion of a quantity of cigars to which the plaintiff claimed title. The defendant sold them under and by virtue of two executions issued upon judgments against the plaintiff's husband. The defendant sought to justify such sale on the ground that the property in

question was transferred by the plaintiff's husband to her with an intent to defraud his creditors, and that such transfer was therefore void as to them. The only question litigated on the trial, except the value of the property sold, was the validity of the plaintiff's title. The referee found that the plaintiff was the sole owner and entitled to the possession of the property; that it was unlawfully taken by the defendant, and converted to his own use; that it was of the value of $969.35; and he awarded the plaintiff judgment for that sum, together with interest and costs. The referee expressly declined to find that the transfer to the plaintiff was voluntary or without consideration, or that it was made with an intent to hinder, delay, or defraud the creditors of her husband. The conclusions of the referee as to the facts, as indicated both by his findings and his refusals to find, seem to be fairly justified by the evidence. The question whether such transfer was fraudulent as to the creditors of the plaintiff's husband was a question of fact, and, as the findings of the referee were sustained by the evidence, we do not think his findings should be disturbed. But the defendant contends that the referee erred in refusing several of his requests to find, which he claims were sustained by the evidence. If we were to assume that some of the requests proffered were sustained by the evidence, and not found, still, as the referee has properly found adversely to the defendant upon the only question involved in the case, it can hardly be said that his refusal to find those requests was harmful to the defendant. Such findings would not have changed the result, and would have in no way aided the defendant, so long as it was properly found that the plaintiff was the owner of the property, and there was an express refusal to find that the conveyance was fraudulent, or made with a fraudulent intent or purpose. While exceptions to alleged findings of fact when they are unsupported by evidence, and to requests to find when they are established by undisputed proof, present questions of law, and are reviewable on appeal, (*Bedlow* v. *Dock Co.*, 19 N. E. Rep. 800–802; *Bullock* v. *Bemis*, 3 N. Y. Supp. 390,) still the refusal of a referee to respond to a request to find is not a ground for reversal, unless such refusal was prejudicial to the appellant. *In re Hicks*, 14 N. Y. St. Rep. 320. We think the referee committed no error in refusing to find as requested by the defendant which would justify an interference with the plaintiffs' judgment. The defendant also contends that the referee erred in permitting the witness Swartfiguer to testify that an inventory made by him when the property in question was transferred, was correct, and in admitting it in evidence under defendant's objection and exception. In *Howard* v. *McDonough*, 77 N. Y. 592, which was an action for the conversion of a stock of goods consisting of many items, where a witness had made a memorandum of the items and their value, and he was permitted to use the memorandum in testifying, and it was received in evidence, it was held that the court might in its discretion require the witness to testify to each item separately, or it might allow the witness to testify quite generally to the items and their values and receive the memoranda as the detailed result of his examination, leaving the adverse party to a more minute cross-examination. See *McCormick* v. *Railroad Co.*, 49 N. Y. 304–316. We think the principle of these cases sustains the rulings complained of. A further claim made by the defendant is that the court erred in admitting in evidence the bill of sale made by the plaintiff's husband to her. This claim is based upon the theory that a contract between a husband and wife is void. This claim cannot be sustained. It must, we think, be regarded as settled in this state that such a transfer is valid, and will be upheld when made in good faith, and founded upon a sufficient consideration. *Woodworth* v. *Sweet*, 51 N. Y. 8; *Benedict* v. *Driggs*, 34 Hun, 94, and cases cited in opinion. The referee committed no error in permitting the plaintiff and her husband to testify that they had no intent to hinder, delay, or defraud his creditors when the sale and transfer to the plaintiff was made. *Seymour* v. *Wilson*, 14 N. Y. 567; *Cortland Co.*

v. *Herkimer Co.*, 44 N. Y. 22. We have examined the other questions presented by defendant's brief, and find none that disclose error in the trial, or that seem to require special consideration. Judgment affirmed, with costs. All concur.