## CRIM *et al. v.* STARKWEATHER *et al.*

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    Where the evidence is conflicting, a finding by the referee will not be disturbed on appeal.
2. SAME—HARMLESS ERROR—REFUSAL TO FIND FACTS.
    Where the referee has found the principal facts against defendant, error cannot be predicated on his refusal to find defendant's requests.

Appeal from judgment on report of referee.

Action by Frank D. Crim, executor, and Ella E. Stone, executrix, of the last will and testament of Justus S. F. Crim, deceased, against Rufus G. Starkweather and others. From a judgment entered in favor of the plaintiff for $16,919.06, defendant Starkweather appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*George W. Smith,* for appellant. *John D. Kernan,* for respondents.

MARTIN, J. This action was to recover the amount of five drafts sent to the National Park Bank of New York by the plaintiffs' testator, and credited to the firm of Crim & Starkweather. With interest, the drafts amounted to the sum of $16,213.81. That the plaintiffs' testator advanced the amount represented by these drafts, and that that amount was placed to the credit of the firm of Crim & Starkweather at the National Park Bank, and used by the firm, is not disputed by the appellant. The defendant was a member of the firm of Crim & Starkweather. William T. Crim was also a member of that firm, and was a son of the plaintiffs' testator. The claim of the defendant was that the deposits which were placed to the credit of the firm of Crim & Starkweather were not loaned or advanced to that firm, but were loans or gifts to William T. Crim. This was the principal issue litigated on the trial. The evidence on the part of the plaintiffs tended to show that the money in

question was advanced upon requests made by telegrams signed by the firm of Crim & Starkweather, and that the money was advanced to that firm, and not to William T. Crim individually. On the other hand, the defendant introduced evidence of the admissions and statements of the testator and other evidence which tended to show that the moneys in question were loaned or advanced to William T. Crim individually. As upon this issue there was a conflict in the evidence. A question of fact was presented for determination by the referee. He found that this money was advanced and loaned to the firm at its request, and deposited to its credit. We think that finding was fairly sustained by the proof, and have no reason to suppose that the referee was not guided in his decision by a conscientious and intelligent judgment, based upon the evidence given before him. In reviewing the determination of a trial court on questions of fact, where the evidence is conflicting, an appellate court is not warranted in reversing, even when in its opinion a contrary conclusion should have been reached. *Baird* v. *Mayor, etc.*, 96 N. Y. 567, We think the finding of the referee was justified by the evidence, and that it should be sustained.

It is urged by the appellant that the referee erred in refusing to find several of the requests proffered by him. Many of those refused were requests to find mere evidentiary facts. If, however, we were to assume that the requests were proper, and should have been found, still, if the refusal was not prejudicial to the appellant, the judgment should not be disturbed. *In re Hicks*, 14 N. Y. St. Rep. 320; *Woodman* v. *Penfield*, 6 N. Y. Supp. 803, 804. It is quite manifest that, when the referee had found the principal issue against the defendant, his refusal to find the defendant's requests, so far as he was required by the evidence to do so, could not have been prejudicial to him. We think the judgment appealed from should be affirmed. Judgment affirmed, with costs. All concur.