### HENRY McSHANE Co., Limited, *v.* PADIAN.

(*Common Pleas of New York City and County, General Term.*   November 7, 1892.)

**1. WRITTEN GUARANTY OF PAYMENT—PAROL EVIDENCE OF INTENT.**
  Defendant executed to plaintiff a written guaranty of payment by W., plumber, for any and all materials which plaintiff may deliver to W., not exceeding $500 on "any balance" due.   *Held*, in action thereon, that parol evidence was admissible to show that the parties understood that the guaranty only applied to materials furnished W. to be used in the execution of a certain contract, and not a continuing guaranty.

**2. SAME—FINDINGS.**
  In an action on a guaranty of payment for materials furnished another, a finding for defendant on the guaranty rendered the facts concerning the supply of other materials, and payments made on account thereof, immaterial, and the refusal to find as to those facts was not reversible error.

**8. SAME—PLEADINGS.**
  In an action on a guaranty of payment for materials furnished another, where the complaint alleged nonpayment by the party to whom the materials were furnished, and defendant denied such allegation, the defense of payment is admissible without other allegation thereof.

Appeal from judgment on report of referee.
Action by the Henry McShane Company, Limited, against William Padian. From a judgment in favor of defendant, plaintiff appeals.   Affirmed.
Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.
*Thomas C. Ennever*, for appellant.   *William J. Fanning*, for respondent.

BISCHOFF, J. This action was brought to recover upon a written guaranty in the following words: "I, William Padian, hereby guaranty to the Henry McShane Company, Limited, the payment by John P. Wiegers, plumber, to them, for any and all materials which they may deliver to John P. Wiegers, I not to be liable for any balance exceeding five hundred dollars which may become due." Plaintiff contended that the guaranty was given to secure the payment of a floating balance which might at any time thereafter be due and owing by Wiegers, and accrue from the extension of a general credit to him in the purchase of plumbers' materials; while defendant maintained that both parties to the guaranty, at the time it was given, intended to apply it only to the materials required by Wiegers to enable him to execute a contract for the plumbing of certain houses on Eighty-Ninth and Ninetieth streets, in the city of New York, owned by one Schuck. On the trial it appeared that these materials were the first purchased by Wiegers of plaintiff; that thereafter he continued to purchase others; that, on account of the indebtedness arising from the purchase of all the materials, he made general payments, from time to time, the aggregate amount of which exceeded his indebtedness for the materials required for the Eighty-Ninth and Ninetieth streets houses; and that there was due from Wiegers to plaintiff a general balance exceeding $500. The referee, against the objections of plaintiff's counsel, admitted parol evidence for the defendant tending to show that only the sale of materials required for the Eighty-Ninth and Ninetieth streets houses was contemplated by plaintiff and defendant when the guaranty was given, and that the guaranty was intended to secure Wieger's indebtedness for those materials, and no other. The exceptions to these rulings present the alleged error of which appellant complains.

We are of the opinion that the evidence objected to was properly admitted. The rule which precludes parol evidence to contradict or vary the terms of a written instrument has no application when the sole purport of the evidence is to ascertain the sense in which the words of a written instrument were used by the parties thereto. 1 Greenl. Ev. § 277 et seq. Contracts of guaranty are subject to the same rules of construction as other contracts. *Bank* v. *Coster*, 3 N. Y. 203; *Belloni* v. *Freeborn*, 63 N. Y. 383, 388; *People* v. *Lee*, 104 N. Y. 441, 10 N. E. Rep. 884. The words, being those of the guarantor, must be construed most favorably to the guarantee,—*Gates* v. *McKee*, 13 N. Y. 232; *Rindge* v. *Judson*, 24 N. Y. 64; but, when once their meaning has been ascertained, the guarantor's liability is *strictissimi juris*, and not to be extended beyond its precise import,—*Bank* v. *Kaufmann*, 93 N. Y. 273, 281; *Schwartz* v. *Hyman*, 107 N. Y. 562, 14 N. E. Rep. 447; *Powers* v. *Clarke*, (N. Y. App.; filed October 6, 1891,) 28 N. E. Rep. 402. When the language of a written instrument is ambiguous, equivocal, or susceptible of conflicting or varying interpretations, it is proper to ascertain the intention of the parties thereto from the facts and circumstances which induced its execution, and thereupon to enforce it in accord with such intention; and such facts and circumstances may be shown by parol evidence. Greenl. Ev. § 277 et seq. The office of parol evidence, in such a case, is not to alter the language of the instrument, but to ascertain the purposes for which the parties intended to apply it; and the application of this principle of evidence to the case at bar is illustrated by that of *Heffield* v. *Meadows*, L. R. 4 C. P. 595, in which the inquiry presented for solution was whether the guaranty was a continuing one, or limited to a particular transaction. Said WILLES, J.: "It is obvious that we cannot decide that question upon the mere construction of the document itself, without looking at the surrounding circumstances to see what was the subject-matter which the parties had in their contemplation when the guaranty was given. It is proper to ascertain that, for the purpose of seeing what the parties were dealing about, not for the purpose of altering the terms of the guaranty by words of mouth passing at the time, but as a part of the

·conduct of the parties, in order to determine what was the scope and object of the intended guaranty. Having done that, it will be proper to turn to the language of the guaranty, to see if that language is capable of being construed so as to carry into effect that which appears to have been really the intention of both parties,"—and SMITH, J.: "The consideration is defectively stated. It does not show in what the supply is to consist. We may therefore look at the surrounding circumstances, in order to see for what it was given, and to what transactions or dealings it was intended to apply; not to alter the language, but to fill up the instrument where it is silent, and to apply it to the subject-matter to which the parties intended it to be applied." See, also, *Springsteen* v. *Samson*, 32 N. Y. 703; *Strong* v. *Lyon*, 63 N. Y. 172; *Bank* v. *Myles*, 73 N. Y. 335; *Bank* v. *Hall*, 83 N. Y. 338; *Birdsall* v. *Heacock*, 32 Ohio St. 177; *Morgan* v. *Boyer*, 39 Ohio St. 324; *Sewer-Pipe Co.* v. *Ganser*, (Mich.) 25 N. W. Rep. 377; *Mathews* v. *Phelps*, (Mich.) 28 N. W. Rep. 108.

In the case under immediate consideration, it is impossible, upon a mere inspection of the guaranty, to say that it was or was not intended to attach to the purchase money for materials required for a particular purpose, or for materials required indefinitely. The words "any and all materials" and "any balance" are equally as comprehensive and significant when applied to materials required for a particular purpose, and the indebtedness accruing therefrom, as when applied to materials required generally, or for indefinite purposes, and the indebtedness remaining after the application of payments made from time to time. It cannot, for that reason, be said that the guaranty is either unequivocally limited to the materials required by Wiegers for a particular purpose, or that it unequivocally includes materials required by Wiegers for indefinite purposes. Resort to the facts and circumstances which induced the guaranty became, therefore, essential to arrive at the intention of the parties at the time, and, under the principle governing such cases as hereinbefore stated, was properly admitted.

It nowhere appeared that Wiegers, at the time the guaranty was given, had applied for, or contemplated applying for, the extension of a general credit to him by plaintiff in the purchase and sale of plumbers' supplies; and it affirmatively appeared from the testimony of Wiegers, and is not contradicted, that the only credit for which he had applied, or contemplated applying, was in the purchase by him of the materials necessary to enable him to carry out a contract for the plumbing work on Schuck's houses in Eighty-Ninth and Ninetieth streets, for which plaintiff had estimated the cost to be $365. It furthermore appeared from the testimony of the defendant that it was with immediate reference to this estimate that defendant called upon plaintiff, and offered himself as guarantor for the payment of the purchase money to accrue from Wiegers upon the sale and delivery of the materials to him, and that, upon the representation of plaintiff's assistant manager that the supply might have to be increased, he consented to become bound for the payment of $500. Upon this evidence, and from the further fact that it was not at all likely that plaintiff intended to exact, or defendant to give, security for a credit which up to that time had not only not been applied for, but, for all that appears, was not even contemplated by either Wiegers, plaintiff, or defendant, the referee concluded that the guaranty was given and accepted at the time exclusively as security for the purchase money to become due from Wiegers for the sale and delivery to him of the materials required for the plumbing work in the Eighty-Ninth and Ninetieth streets houses; and this conclusion appears to us not only justifiable, but the only one consistent with the facts. The conclusion that the guaranty was given and accepted as security only for the materials to be supplied for the Eighty-Ninth and Ninetieth streets houses rendered the facts concerning the supply of other materials, the indebtedness arising therefrom, and the payments made on account

of that indebtedness, immaterial, and the refusal of the referee to find them was therefore not error which requires reversal of the judgment. *James* v. *Cowing*, 82 N. Y. 449; *Crim* v. *Starkweather*,.(Sup.) 12 N. Y. Supp. 791.

One other exception which appears in the case, though not urged on the brief of the learned counsel for the appellant, remains to be noticed,—that taken to the introduction of evidence on the part of the defendant of the payment by Wiegers of the purchase money for the materials for the Eighty-Ninth and Ninetieth streets houses. The exception is founded upon an objection that the answer did not interpose the defense of payment; but, in an action to enforce a promise to answer for the debt, default, or miscarriage of another, the allegation of nonpayment by such other person in the complaint, and proof of the fact alleged upon the trial, are essential to its maintenance. *Knapp* v. *Roche*, 94 N. Y. 329, 333; *Lent* v. *Railway Co.*, (N. Y. App.; filed January, 1892,) 29 N. E. Rep. 988. The complaint in the present case did allege·nonpayment by Wiegers, and the answer denied the fact alleged. Whether or not payment was made by Wiegers was therefore among the facts in issue, and evidence to sustain the fact of payment competent. The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.