## CENTRAL GAS & ELECTRIC FIXTURE CO. v. KOHN.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. PRACTICE—EFFECT OF MOTION TO DISMISS COMPLAINT.
　　Where a motion to dismiss the complaint, made at the close of plaintiff's evidence, is denied, and defendant rests without adducing further evidence or requesting submission of the case to the jury, he thereby concedes that the evidence offered by the plaintiff is true, and that only questions of law are involved, and a verdict directed for plaintiff will not be disturbed on appeal.

2. GUARANTY—COMPLIANCE BY GUARANTEE.
　　In an action on a written guaranty of an account for work done by plaintiff for one C., it appeared that all the work had been done, except to the value of $21, but a substantial part of it was not done until after the time fixed in the contract; that the delay was the fault of C.; and that he was only nominally the person interested in the work, acting under direction of defendant, who supplied the means, and was the real party in interest. *Held*, that the consent of C. to performance by plaintiff after the time fixed in the contract extended defendant's liability on his contract of guaranty.

3. SAME—EXCESSIVE JUDGMENT.
　　Where in such action no claim is made in the answer or on the trial for a deduction of the unpaid consideration for the guaranty, a judgment for the full amount due on the contract is not excessive.

4. APPEALABLE ORDERS—GENERAL TERMS OF NEW YORK CITY COURT.
　　An order of the general term of the New York city court, affirming a judgment of that court, is not appealable. Whitfield v. Railroad Co., 10 N. Y. Supp. 106, followed.

Appeal from city court, general term.

Action by the Central Gas & Electric Fixture Company against August Kohn on a written guaranty. From a judgment of the general term of the city court, (20 N. Y. Supp. 884,) affirming a judgment entered on a verdict for plaintiff by direction of the court, and from an order of affirmance of said general term on which its judgment was entered, defendant appeals. Appeal from order of affirmance dismissed. Appeal from judgment affirmed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Wm. J. Lippmann, for appellant.

Birdseye, Cloyd & Bayliss, (Benjamin H. Bayliss, of counsel,) for respondent.

BISCHOFF, J.   In so far as this appeal purports to be from an order of affirmance of the general term of the court below, it must be dismissed, the order, as such, not being appealable.   Whitfield v. Railroad Co., (Com. Pl. N. Y.) 10 N. Y. Supp. 106.   On April 15, 1891, plaintiff agreed with one Carey, in writing, to supply certain buildings then in process of construction, with gas fixtures of the value of $1,350, and to have them in place by the 1st day of May following. On April 16th, defendant, in consideration of the sum of $110 thereafter to be paid him, under his hand and seal, guarantied Carey's payment for the fixtures when they were hung as stated in plaintiff's agreement with Carey.   Thereafter this action was brought upon the guaranty, the complaint alleging performance by plaintiff of its agreement with Carey, and that the latter had failed to pay the sum agreed.   The answer denied these allegations.   On the trial it abundantly appeared from plaintiff's direct evidence that all the fixtures were supplied and hung except to the value of $21, and that both Carey and defendant had failed to pay the sum agreed after due demand.   It also appeared that a substantial part of the work in hanging the fixtures was not done until a considerable time after May 1st, but in respect to this it further appeared that the delay was exclusively due to the fact that the buildings were not sooner in fit condition to enable plaintiff to annex the fixtures.   Carey's testimony, which was adduced as part of plaintiff's case, also tended to show that he was only nominally the person interested in the erection and completion of the buildings; that he was acting under the direction of defendant, who supplied the money required for labor and materials; and that the latter was the real party in interest under plaintiff's agreement to supply the fixtures.   Defendant, maintaining that because plaintiff had not performed its agreement with Carey to hang the fixtures by May 1st, and that his guaranty was conditioned upon plaintiff's performance at the time stated, claimed to be discharged from liability, and moved the dismissal of the complaint.   This motion was denied, and defendant then rested without adducing further evidence on his behalf, or requesting submission of the case to the jury.   The trial court thereupon directed a verdict for plaintiff for $1,350, less $21, with interest, to which defendant excepted.

We can conceive of no ground upon which the disposition of the case by the court below may be justly assailed.   Substantial performance of its agreement was all that was required of plaintiff, to enable it to recover against Carey, (Flaherty v. Miner, 123 N. Y. 382, 388, 25 N. E. Rep. 418,) and the motion for dismissal of the complaint without asking that the facts be submitted to the jury conceded the evidence to be true, and that only questions of law were involved.   Such a motion authorizes the court to find all the facts of which there is any evidence, and for the purpose of this appeal we are compelled to assume that the trial court did find that plaintiff had substantially fulfilled its contract with Carey, that the delay was

owing to Carey's neglect to have the buildings in fit condition, that in the matter of the completion of the buildings Carey acted as the representative of defendant, and that plaintiff's performance of its agreement to supply and hang the fixtures subsequent to May 1st was with defendant's knowledge and consent. Winchell v. Hicks, 18 N. Y. 558, 565; Collins v. Burns, 63 N. Y. 1; Ormes v. Dauchy, 82 N. Y. 443; Dillon v. Cockroft, 90 N. Y. 649; Provost v. McEncroe, 102 N. Y. 650, 5 N. E. Rep. 795.

A guarantor or surety may limit his liability as such by whatever conditions he may see fit to impose, and, however immaterial they may appear to be, noncompliance with them will preclude recourse to him. Benjamin v. Rogers, 126 N. Y. 60, 70, 26 N. E. Rep. 970. His undertaking is strictissimi juris, and cannot be extended beyond the fair import of its language, (Henry McShane Co. v. Padian, [Com. Pl. N. Y.] 20 N. Y. Supp. 679;) and for the purposes of this appeal we may assume that the true interpretation of defendant's guaranty is as contended by him, and that pursuant to its terms he was not to be held for Carey's default in payment, unless the latter's agreement with plaintiff was fully performed by it on May 1st. Such being the case, in the absence of the guarantor's consent to subsequent performance, it was unquestionably plaintiff's duty, when it was prevented from performance within the time agreed by Carey, to terminate its agreement with him, and to confine its claim against the guarantor to the damages thus far sustained. Hunt v. Roberts, 45 N. Y. 691, 696. The case cited was an action brought to enforce the liability of the guarantor for performance of a contract to do carpenter work on certain houses. The work was to have been done by October 15, 1861, but was not so done owing to the failure of one Crossley, for whom it was to be done, to furnish the materials required therefor. The defendant had guarantied Crossley's fulfillment of the contract, and, after October 15th, gave notice to plaintiff that, if the work was not completed by November 1st, he would not be responsible as guarantor therefor. Plaintiffs recovered judgment, and in reversing it the court of appeals says:

"By the terms of the original contract the work was to have been done on October 15th. If not performed at this time the defendant, had he not interfered in the transaction or consented to an extension of the time, would have been entitled to have the matter closed. If the delay had been owing to the default of the plaintiffs, the defendant would have been discharged. If it was caused by Crossley, he had been guilty of a breach, and the defendant would have been entitled to insist upon the contract being terminated, and on such termination would have been liable as guarantor for the work done up to that time, and for the damages sustained by the plaintiffs in not being allowed to complete the job." McKecknie v. Ward, 58 N. Y. 541, 551; Emery v. Baltz, 94 N. Y. 408, 414.

In Hunt v. Roberts, the judgment against the guarantor was reversed, upon the ground that his consent to plaintiff's performance after Crossley's breach was expressly limited to performance by November 1st, and that the recovery included damages sustained after that time. Examining the question of the effect of the guarantor's notice the court says:

"We think that the extension left the parties in the same position on the 1st of November in which they would otherwise have been on the 15th of

October, and that it did not operate as an extension of the guaranty indefinitely to such time as might be necessary to complete the work, and that the defendant had the right to insist that his liability as guarantor should be limited to the debt and damages which the plaintiffs were entitled to claim as of the day specified in their notice;"

—Thus sustaining the proposition required to support the judgment in the case at bar, that the waiver of plaintiff's nonperformance at the time originally appointed, and his consent to plaintiff's future performance, had the effect of extending defendant's liability upon his guaranty to the damage which plaintiff sustained from Carey's further default.

Equally untenable is defendant's claim that the judgment is excessive because he was not allowed out of the amount which plaintiff was held entitled to recover the sum promised to be paid him in consideration of his guaranty. No such claim was made by answer, nor was it suggested on the trial.

We have examined each of the remaining grounds of alleged error, and pronounce them of no gravity. The judgment should be affirmed, with costs. All concur.